[ PHILADELPHIA, FEBRUARY 24TH, 1840. ]

## POWELL *against* SEDGWICK.

### IN ERROR.

Unless exception be made at the trial to the admission of evidence, this Court will affirm the judgment of the Court below, although the evidence be brought up with a bill of exceptions to the charge of the judge, and error is assigned in respect to the admission of the evidence.

ERROR to the District Court for the City and County of Philadelphia, to remove the record of an action of *assumpsit,* brought by Roderick Sedgwick against M. S. Powell, upon a bill of exchange, drawn by the defendant, dated Philadelphia, the 19th of November, 1833, at three months after date, for two hundred and fifty dollars, payable to his own order, upon A. M. Lampher, of Killingly, Connecticut, and accepted by him.

On the trial, before STROUD, J., on the 28th of February, 1837, the plaintiff, after proving the handwriting of the defendant, gave in evidence, without exception having been taken, the deposition of Joseph Lain, a notary public, of the city of New York, taken under a commission issued to that city, who deposed as follows:

" By an entry made in the protest book kept by me at that time, it appears, that on the said 22d of February, A. D. 1834, I mailed a notice of protest of the said draft for M. S. Powell, as drawer and endorser, directed to Philadelphia; and I have no doubt such is the fact. The notice must have contained a description of the draft, the amount thereof, an allegation that it had been protested for non-payment, and that the holder looked to M. S. Powell for payment thereof; and it must have been directed to M. S. Powell on the inside thereof, and on the outside thereof it must have been directed to M. S. Powell, at Philadelphia." The witness stated that he knew of nothing else material to the plaintiff, except that it was his uniform practice, while holding the commission of notary, to insert on the

(Powell v. Sedgwick.)

protest of every draft, bill, or note protested by him, the precise facts as to the presentation of every such document, and the answer received thereupon; and he can therefore aver positively, that the schedule marked A. is correct as to the averment respecting the presentation and protest of the draft. It was also his uniform practice to enter in his protest book immediately, a memorandum of the mode in which notices of protest of any protested draft, bills or notes were served, whether by mail, personally, or otherwise: that such notices were on a printed form, and contained a description of the note, draft or bill, an allegation that it had been protested for non-payment, and that the holder looked to the person to whom the notice was addressed for payment thereof; and to direct such notices on the outside and inside; and further, that it was his uniform practice to forward such notice as was required for the security of the holder, and to hold other parties liable immediately upon the protest; and for these reasons he was confident it must have been done in this case."

No evidence appears to have been offered by the defendant. The learned judge charged as follows:

" The only point made by the defendant is, that the evidence of the notary is not such as to authorise you to infer that notice of protest of the note in question was given to the defendant. I do not agree to this, but say to you, that if you are satisfied by this evidence, that such notice was given, you may find accordingly."

A bill of exceptions was taken to this charge; and a verdict having been given for the plaintiff, a writ of error was taken by the defendant, and the following errors assigned.

" 1. The Court below erred in receiving the testimony of Joseph Lain, a witness for the defendant in error, to prove a notice of protest of the draft on which the suit was brought, by referring to an entry made by him in a protest book kept by him at that time.

2. The Court below erred in not requiring the production of the protest book kept by the notary, and from which he gave his testimony.

3. The Court erred in permitting the notary to speak of the contents of a book kept by him, from which it appeared, as he alleged, that the notice of the non-payment of the draft was given by him to the drawer.

4. The Court erred in not requiring the notary to produce a copy of the notice which he alleged must have been given by him of the non-payment of the draft."

Mr. Arundel, for the plaintiff in error.

(Powell *v.* Sedgwick.)

Mr. *Gerhard, contra.*

Per Curiam.—Error is assigned in the reception of evidence to which there has been no bill of exceptions. The bill returned with the record refers expressly and exclusively to the charge, and can by no construction be extended to the evidence : if there was error, therefore, the defendant has let the time go by to take advantage of it.

Judgment affirmed.